**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:12-cr-00428-AWI-BAM-1 |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | <u>Trial Confirmation and Motions in Limine hearing</u>: Monday, February 3, 2014 1:30 p.m., Courtroom 2 |
| ROY PALOMERA, | |
| Defendant. | <u>Trial</u>:  Wednesday, February 19, 2014 8:30 a.m., Courtroom 2 |
| _____/ | **RULES OF CONDUCT** |

On September 30, 2013, the Court set trial in this matter for Wednesday, February 19, 2014. Counsel for plaintiff United States of America ("Plaintiff" or "the government") and defendant Roy Palomera ("Defendant" or "Palomera") shall be present at 8:30 a.m. PST on the day of trial to resolve any remaining matters.

**I. Motions in Limine Hearing and Briefing Schedule**

The parties may file motions in limine, with supporting memoranda of points and authorities, by 4:00 p.m. PST on Monday, January 6, 2014. The parties may file oppositions to the other party's motions in limine by 4:00 p.m. PST on Tuesday, January 21, 2014. If a party does not oppose a

1

motion in limine, that party shall file and serve in the same manner a statement of non-opposition to that motion in limine. Replies to oppositions may be filed by 4:00 p.m. Monday, January 27, 2014. The hearing to consider motions in limine will be held on Monday, February 3, 2014, at 1:30 p.m. in Courtroom 2. In addition to addressing any filed motions in limine, the Court will at that time conduct a trial confirmation hearing and address any other outstanding matters pertaining to the conduct of the trial to the extent possible.

**II. Witness List**

The government shall file and serve its witness list by 4:00 p.m. PST on Thursday, February 13, 2014.

**III. Trial Briefs**

All parties are directed to file and serve a trial brief by 4:00 p.m. PST on Thursday, February 13, 2014. The Court does not require the advance disclosure of a party's trial strategy or any information protected from advance disclosure by constitutional, statutory or case authority

**IV. Proposed Jury Instructions**

The parties shall file and serve proposed jury instructions by 4:00 p.m. PST on Thursday, February 13, 2014, along with a copy of the instructions on a DVD-ROM disc, preferably formatted for Microsoft Word 2010. The parties shall also send a copy of their proposed jury instructions to the Court in an e-mail addressed to awiorders@caed.uscourts.gov.

The printed proposed jury instructions that are submitted to the Court shall be in duplicate. One set shall indicate the party proposing the instruction (with each instruction

numbered or lettered), shall cite supporting authority, and shall include the customary phrase "Given, Given as Modified, or Refused" showing the Court's action with regard to each instruction. The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the possible dispositions of the proposed instruction.

The parties are ordered to meet and confer after the February 3, 2014 trial confirmation hearing date to determine which instructions they agree should be given. As soon as possible thereafter, the parties shall submit a list of joint unopposed instructions. As to those instructions which the parties dispute, the Court will conduct its jury instruction conference during trial at a convenient time.

### **V. Exhibits**

The government shall lodge with the Courtroom Deputy two sets of its exhibit binder, plus the original and two copies of its exhibit list, by 4:00 p.m. PST on Thursday, February 13, 2014. The government shall also serve copies of its exhibit binder and exhibit list upon Defendant by 4:00 p.m. PDT on Thursday, February 13, 2014.

The parties are ordered to meet and confer after the trial confirmation hearing for the purpose of pre-marking exhibits. All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2). The government's exhibits shall be pre-marked with numbers. Defense exhibits are to be pre-marked with letters.[1]

---

[1] To the extent that Defendant is able to disclose exhibits in advance of trial, such exhibits shall be subject to the joint determination procedure set forth in this portion of the pretrial order.

Counsel are directed to (a) further confer for the purpose of making the following determinations with respect to each proposed exhibit to be offered into evidence, and (b) prepare separate indices -- one listing joint exhibits, and one listing each party's separate exhibits:

1. Duplicate exhibits (i.e., documents that all parties desire to introduce into evidence) shall be marked as a joint exhibit and numbered as directed above. Joint exhibits shall be listed on a separate index and shall be admitted into evidence on the motion of any party, without further foundation.

2. As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked (e.g., Plaintiff's Exhibit 1 or Defendant's Exhibit A) and shall be listed in the offering party's index in a column entitled "Admitted In Evidence." Such exhibits will be admitted upon introduction and motion of the party without further foundation.

3. Those exhibits to which the only objection is a lack of foundation shall be marked appropriately (e.g., Plaintiff's Exhibit 2 - For Identification, or Defendant's Exhibit B - For Identification) and indexed in a column entitled "Objection [¶] Foundation."

4. Remaining exhibits for which there are objections to admissibility not based solely on a lack of foundation shall likewise be marked appropriately (e.g., Plaintiff's Exhibit 3 - For Identification or Defendant's Exhibit C - For Identification) and indexed in a third column entitled "Other Objection" on the offering party's index.

Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

The Court has no objection to counsel's using copies. However, the copies must be legible. If any document offered into evidence is partially illegible, the Court may exclude it from evidence *sua sponte*.

**VI. Voir Dire**

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. PST on Thursday, February 13, 2014. Further, in order to aid the Court in the proper voir dire examination of the prospective jurors, counsel should lodge with the Court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call. The purpose of these lists is to advise the prospective jurors of possible witnesses so the Court may determine if a prospective juror is familiar with any potential witness.

**VII. Use of Videotapes, CDs, Computers and Other Audio/Visual Equipment**

Any party wishing to use a videotape or CD for any purpose during trial shall lodge a copy with the Courtroom Deputy by 4:00 p.m. PST on Thursday, February 13, 2014. If a written transcript of audible words is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the Courtroom Deputy at least one week prior to trial. The Courtroom Deputy will then arrange a time for counsel to bring their electronic equipment to the courtroom and meet with a

representative of the Court's Information and Technology Department to receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment. If counsel intends to use Microsoft PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

**VIII. Agreed Summary of the Case**

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case briefly outlining the positions of the parties by 4:00 p.m. PDT on Thursday, February 13, 2014. The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process. The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

**IX. Morning Conferences During Trial**

During the trial, it is the obligation of counsel to meet with the Court each morning to advise the Court and opposing counsel which documents proposed to be offered into evidence have not previously been admitted by stipulation, court order, or otherwise ruled upon. The Court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury. If ruling depends upon the receipt of testimony, the Court will rule as requested upon the receipt of such testimony. The Court shall also consider all other legal matters at morning conferences. The Court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

## X. Objections to Pretrial Order

Any party may ask for reconsideration of any deadline in this order that occurs after the date of the trial confirmation hearing, and the Court may *sua sponte* revise that date. Aside from such dates, a party who objects to any aspect of this pretrial order may, within ten (10) calendar days after the date of service of the order, file and serve written objections to such provisions of the order. Any such objection shall specify the requested correction, addition or deletion.

## XI. Rules of Conduct During Trial

### A. General Rules

1. All participants in the trial shall conduct themselves in a civil manner. There shall be no hostile interchanges between any of the participants.
2. All oral presentations shall be made from the lectern unless otherwise permitted by the Court.
3. Sidebar conferences are discouraged. Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.
4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

### B. Jury Selection

1. The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel. In some circumstances, the court may allow brief direct questioning by counsel.

C. **Opening Statements**

   1. Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

D. **Case in Chief**

   1. Counsel shall have his/her witnesses readily available to testify so there are no delays in the presentation of evidence to the Court.

   2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day. Any scheduling or evidentiary issues may be raised at that time.

E. **Witnesses**

   1. Before approaching a witness, counsel shall secure leave of the Court to approach the witness.

   2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F. **Exhibits**

   1. All exhibits shall be marked and identified in accordance with the instructions in the pretrial order.

   2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

   3. At the conclusion of each party's case-in-chief and after each party has rested its entire case, the Court will typically conduct an on-the-record review of the exhibits that have been admitted into evidence.

## G. Objections

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.

2. The Court will not assume that any objection made also implies an accompanying motion to strike an answer that has been given. Therefore, counsel who has made an objection and who also wishes to have an answer stricken must move specifically to strike the answer.

## H. Closing Argument

1. Counsel may use visual aids in presenting his/her closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.**

IT IS SO ORDERED.

Dated: September 30, 2013

_____
SENIOR DISTRICT JUDGE

9